UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH RICHARDSON,

                        Plaintiff,                      COMPLAINT

                -against-                    JURY TRIAL DEMANDED

NICK VOGELSON and
DOCUMENT PUBLISHING LLC,

                      Defendants.

---

        Plaintiff, Sarah Richardson, by her attorney, Peter M. Levine, for her Complaint against defendants Nick Vogelson and Document Publishing LLC, states:

## THE PARTIES

        1.    Plaintiff is a citizen and domiciliary of the United Kingdom who maintains her sole place of business in the United Kingdom.

        2.    Upon information and belief, defendant Nick Vogelson is a citizen of the State of New York who maintains a place of business at 190 N 10th Street, Suite 309, Brooklyn, New York 11211.

        3.    Upon information and belief, defendant Document Publishing LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 190 N 10th Street, Suite 309, Brooklyn, New York 11211.

        4.    From its founding in May 2012 until March 28, 2022, Document Publishing LLC maintained its principal place of business at 264 Canal Street, New York, New York 10013.

        5.    Upon information and belief, Nick Vogelson is the sole member of Document Publishing LLC.

        6.    Upon information and belief, Nick Vogelson is the sole equity holder in Document Publishing LLC.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over each of the claims asserted in this Complaint by virtue of 28 U.S.C. § 1332, because the matter in controversy for each claim exceeds $75,000, exclusive of interest and costs, and each claim is between citizens of a State and a citizen of a foreign state.

8. This Court has jurisdiction over the person of each defendant by virtue of section 301 of the New York Civil Practice Law & Rules, because each defendant is present in the State of New York and doing, or has done for relevant periods of time, business in the State of New York.

9. Venue is proper in this District by virtue of 28 U.S.C. § 1391, because (a) defendant Document Publishing LLC is subject to personal jurisdiction in this District and thus is deemed to reside in this District or (b) a substantial part of the events or omissions giving rise to each of the claims occurred in this District.

## OPERATIVE FACTS

**Sarah Richardson's Experience in the Fashion Industry**

10. Sarah Richardson is a freelance fashion stylist, creative director, and creative consultant. She has been engaged in this line of work for 25 years.

11. Sarah Richardson brings a unique approach to style and a profound knowledge of fashion history and culture to every project. Renowned for her creativity and the quality of her work, Sarah has become sought after by the world's leading fashion houses, brands, and publications. Collaborating with the world's leading fashion photographers and the leading creative figures in design, film, and art direction, Sarah has created some of the industry's most iconic and original fashion imagery.

12. Sarah Richardson played a key role in the re-launch of Yves Saint Laurent, which became a leader within the Kering Luxury Group. She has been a consultant

at leading fashion houses Jil Sander, Lanvin, Nina Ricci, and Jimmy Choo.

13. Sarah Richardson has worked closely with several major brands, including Uniqlo and Calvin Klein.

14. Sarah Richardson was appointed as the Global Fashion Director for the iconic i-D magazine to reinvigorate the brand and evolve the online business to connect with the extensive film and social media network of the Vice Media Group – a role which involved working alongside A-list celebrities and world-renowned directors and photographers.

15. Sarah Richardson has worked with such major publications as Vogue and W.

16. Through her work, Sarah Richardson has developed an extensive and impressive network of world-class stylists, make-up artists, photographers, and writers – the sort of creative individuals indispensable to the publication of a magazine devoted to culture, arts, and fashion.

17. Through her work, Sarah Richardson has developed an extensive and impressive network of luxury advertisers and leaders in the fashion industry.

**Sarah's Richardson's Services as Fashion Director & Creative Director of Document Journal**

18. Document Publishing LLC publishes Document Journal, an independent avant guard magazine devoted to culture, arts, and fashion. Document Journal is published biannually, in the spring and fall, and is distributed globally.

19. Upon information and belief, Document Journal is the sole asset of Document Publishing LLC.

20. Upon information and belief, Nick Vogelson has been the Editor-in-Chief of Document Journal since the founding of Document Publishing LLC in May 2012.

21. Since September 2017, Sarah Richardson has served as the Creative and Fashion Director of both the print and digital versions of Document Journal.

22. As the Creative and Fashion Director of Document Journal, Sarah Richardson has rendered a myriad of services, including:

- overseeing all fashion ideation, commissions, casting, and execution for every print issue;
- supervising and managing all fashion story concepts;
- styling multiple covers and inside stories;
- participating regularly in editorial catchups, during which she provided input and sign-off on all fashion stories;
- overseeing the fashion department and consulting with regard to all departmental hiring and firing;
- supervising and managing the in-house fashion team;
- supervising and managing key contributors, including photographers, stylists, and make-up artists;
- supervising and managing all casting directors;
- making introductions that led to investments in and loans to Document Publishing LLC;
- introducing luxury brands to Document Journal and convincing the brands to advertize in the magazine;
- cultivating and maintaining relationships with the advertisers;
- cultivating and maintaining relationships with top talent agents.

23. Sarah Richardson rendered her services in London and in New York.

24. Sarah Richardson rendered her services in New York under an O1 non-immigrant visa – which is issued to an individual who possesses extraordinary ability in the sciences, arts, education, business, or athletics, or who has a demonstrated record of extraordinary achievement in the motion picture or television industry and has been recognized nationally or internationally for those achievements.

25. Under industry norms, a freelance creative director of Sarah Richardson's talent, prestige, and contacts would command an annual fee of at least $150,000 to $250,000 for the services she rendered for the benefit of Document Journal.

**The Compensation Sarah Richardson was to Receive for Serving as Fashion Director & Creative Director of Document Journal**

26. Upon information and belief, Nick Vogelson co-founded Document Publishing LLC with James Valeri, who was in the fashion business.

27. When Document Publishing LLC was founded, Nick Vogelson was an unknown figure in the fashion business with few, if any, contacts with stylists, make-up artists, photographers, and writers.

28. James Valeri retained Sarah Richardson to produce a photo-shoot for Document Journal. Based on the quality and success of the photo-shoot, James Valeri retained Sarah to produce another.

29. Upon information and belief, James Valeri was jettisoned from Document Publishing LLC, and Nick Vogelson became the sole member of the limited liability company,

30. Nick Vogelson approached Sarah Richardson in 2016 with an offer for her to become the Fashion Director of Document Journal, which at the time was at the fringe of the fashion industry and struggling financially.

31. Under Vogelson's proposal, rather than be paid the full value of her services in cash, Sarah Richardson would receive a 15-percent equity interest in Document Publishing LLC plus an annual payment of $60,000, which was partly for expenses.

32. Sarah Richardson undertook the position as Fashion Director with the expectation the parties would enter into a contract and an operating agreement to memorialize the arrangement.

33. Sarah's work as Fashion Director was so successful that in 2017 Nick Vogelson asked her to take on the position of Creative Director as well. In consideration for the additional services she would perform, Sarah would receive a 25-percent equity interest in Document Publishing LLC plus an annual payment of $60,000, and reimbursement for certain expenses.

34. Later, because Sarah Richardson was providing such valuable services for the benefit of Document Journal and because she had yet to receive cash compensation, Nick Vogelson agreed to increase her equity interest in Document Publishing LLC to 30 percent.

35. Sarah Richardson undertook the dual position as Fashion Director and Creative Director with the expectation the parties would enter into a contract and an operating agreement to memorialize the arrangement.

36. The parties retained counsel to draft and negotiate a contract and an operating agreement to memorialize the terms under which Sarah would perform her services for the benefit of Document Journal.

37. Though counsel exchanged several drafts of an operating agreement, negotiations dragged endlessly. Nick Vogelson went through two different attorneys. The first ceased negotiating and disappeared. Negotiations with the second petered out because he was not receiving direction from his client and could not respond to inquiries and comments from Sarah Richardson's counsel. Upon information and belief, each of Nick Vogelson's attorneys disengaged from the negotiations because he was not being paid.

38. Nick Vogelson used the inconclusive negotiations as a ruse to cynically tantalize Sarah Richardson and keep her working as the Creative Director of Document Journal.

39. Sarah Richardson never received an equity interest in Document Publishing LLC.

40. Sarah Richardson never received compensation for the services she rendered for the benefit of Document Journal.

41. As a direct result of the services Sarah Richardson rendered for the benefit of Document Journal, Document Publishing LLC has been able to generate a substantial cash flow.

42. Nick Vogelson has used the substantial cash flow to pay himself a compensation package, which includes a salary and reimbursement for personal expenses.

43. Nick Vogelson has used the substantial cash flow to hire as Chief of Staff of Document Journal a person with whom he has an intimate relationship.

44. As a direct result of the services Sarah Richardson rendered for the benefit of Document Journal, the value of the sole asset held by Document Publishing LLC has greatly increased.

### First Claim
### (Quantum Meruit)
### (Against Nick Vogelson)

45. All prior averments are repeated.

46. Plaintiff rendered in good faith valuable services for the benefit of Document Journal at Nick Vogelson's request.

47. Nick Vogelson accepted the services rendered by plaintiff.

48. In return for the services rendered for the benefit of Document Journal, plaintiff expected to be compensated.

49. Nick Vogelson knew of plaintiff's expectation of compensation.

50. Nick Vogelson has refused to pay for the services rendered by plaintiff.

51. As a proximate and foreseeable result of Nick Vogelson's wrongful conduct, plaintiff has been damaged.

52. Plaintiff is entitled to recover from Nick Vogelson compensatory damages in an amount not less than $1,200,000.

### Second Claim
### (Quantum Meruit)
### (Against Document Publishing LLC)

53. All prior averments are repeated.

54. Plaintiff rendered in good faith valuable services for the benefit of Document Journal at the request of Document Publishing LLC.

55. Document Publishing LLC accepted the services rendered by plaintiff.

56. In return for the services she rendered for the benefit of Document Journal, plaintiff expected to be compensated.

57. Document Publishing LLC knew of plaintiff's expectation of compensation.

58. Document Publishing LLC has refused to pay for plaintiff's services.

59. As a proximate and foreseeable result of the wrongful conduct by Document Publishing LLC, plaintiff has been damaged.

60. Plaintiff is entitled to recover from Document Publishing LLC compensatory damages in an amount not less than $1,200,000.

**Third Claim**
**(Unjust Enrichment)**
**(Against Nick Vogelson)**

61. All prior averments are repeated.

62. Plaintiff rendered valuable services for the benefit of Document Journal at Nick Vogelson's request.

63. Nick Vogelson accepted the services rendered by plaintiff.

64. Nick Vogelson benefitted from the services rendered by plaintiff.

65. In return for rendering the services, plaintiff reasonably expected to be compensated.

66. Nick Vogelson knew of and encouraged this expectation.

67. After obtaining the benefit of plaintiff's services, Nick Vogelson used the substantial cash flow from Document Journal to pay himself a lavish compensation package.

68. As the sole owner of Document Publishing LLC, Nick Vogelson benefitted from the increased value of the company's sole asset, Document Journal – which was achieved as a result of the services rendered by plaintiff.

69. Nick Vogelson took a free ride on plaintiff's expertise, creativity, network of contacts, and was enriched at plaintiff's expense.

70. It would be unjust to allow Nick Vogelson to retain the benefit of plaintiff's services, expertise, and creativity.

71. The unjust enrichment of Nick Vogelson at plaintiff's expense may be measured by the total fees a free-lance creative director of Sarah Richardson's talent, prestige,

and contacts would command for the services she rendered over six years for the benefit of Document Journal.

72. As a proximate and foreseeable result of Nick Vogelson's wrongful conduct, plaintiff has been damaged.

73. Plaintiff is entitled to recover from Nick Vogelson compensatory damages in an amount not less than $1,200,000.

### Fourth Claim
### (Unjust Enrichment)
### (Against Document Publishing LLC)

74. All prior averments are repeated.

75. Plaintiff rendered valuable services for the benefit of Document Journal at the request of Document Publishing LLC.

76. Document Publishing LLC accepted the services rendered by plaintiff.

77. Document Publishing LLC benefitted from the services rendered by plaintiff.

78. In return for rendering the services, plaintiff reasonably expected to be compensated.

79. Document Publishing LLC knew of and encouraged this expectation.

80. Document Publishing LLC took a free ride on plaintiff's expertise, creativity, network of contacts, and was enriched at plaintiff's expense.

81. It would be unjust to allow Document Publishing LLC to retain the benefit of plaintiff's services, expertise, and creativity.

82. The unjust enrichment of Document Publishing LLC at plaintiff's expense may be measured by the total fees a freelance creative director of Sarah Richardson's talent, prestige, and contacts would command for the services she rendered over six years for the benefit of Document Journal.

83. As a proximate and foreseeable result of the wrongful conduct by Document Publishing LLC, plaintiff has been damaged.

84. Plaintiff is entitled to recover from Document Publishing LLC compensatory damages in an amount not less than $1,200,000.

WHEREFORE, Sarah Richardson demands judgment:

A. on the First Claim, against Nick Vogelson, awarding to plaintiff compensatory damages in an amount not less than $1,200,000, with interest thereon;

B. on the Second Claim, against Document Publishing LLC, awarding to plaintiff compensatory damages in an amount not less than $1,200,000, with interest thereon;

C. on the Third Claim, against Nick Vogelson, awarding to plaintiff compensatory damages in an amount not less than $1,200,000, with interest thereon;

D. on the Fourth Claim, against Document Publishing LLC, awarding to plaintiff compensatory damages in an amount not less than $1,200,000, with interest thereon;

E. on each Claim, awarding to plaintiff her costs and disbursements of this action, including reasonable counsel fees, and granting to plaintiff such other, further, and different relief the Court deems just and proper.

## JURY DEMAND

PLEASE TAKE NOTICE that plaintiff demands a trial by jury on all issues.

Dated: New York, New York
       November 8, 2023

*(signature)*

PETER M. LEVINE (PML-7630)
Attorney for Plaintiff
444 Madison Avenue, Suite 410
New York, New York 10022
212-599-0009